# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DOES 1-19,<br><br>　　　　　Defendants. | Case No. 2:07 cv 0971 TS<br><br>**ORDER AND MEMORANDUM DECISION GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

　　　　Before the court is Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery filed December 17, 2007.[1] Plaintiffs filed a complaint alleging copyright infringement against a number of Doe Defendants and now seek discovery to ascertain their identity. Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"[2] unless authorized by a court order or agreement of the parties. "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure form usual discovery procedures."[3] After reviewing the Plaintiffs' memorandum, the declaration of Carlos Linares,[4] and relevant

---

[1] Docket no. 3. The case was referred to this court on January 9, 2008.
[2] Fed. R. Civ. P. 26(d).
[3] *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003).
[4] Carlos Linares is the Vice President, Anti-Piracy Legal Affairs for the Recording Industry Association of America,

case law, the court finds that Plaintiffs have shown good cause and therefore GRANTS their motion.

Under Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[5] The traditional sequence of discovery may, however, be altered by the court in the exercise of its broad discretion. But, the party seeking expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for departing from the usual discovery procedures.[6] Good cause exists "where a party seeks a preliminary injunction . . . or where the moving party has asserted claims of infringement and unfair competition."[7] Additionally, good cause is also found "where physical evidence may be consumed or destroyed with the passage of time."[8]

Here, the court finds that good cause exists. Plaintiffs make claims concerning possible infringement of their copyrights. And, the evidence Plaintiffs seek will be destroyed because most Internet Service Providers do not keep activity logs concerning their customers for a very long time. Without such information it is unlikely that Plaintiffs will be able to identify the unknown Defendants in this case.

Accordingly, Plaintiffs may serve immediate discovery on Off Campus Telecommunications – Veracity Communications to obtain the identity of each Doe Defendant

---

Inc.
[5] Fed. R. Civ. P. 26(d).
[6] *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D.Colo.2002).
[7] *Qwest,* 213 F.R.D. at 419.
[8] *Id.*

by serving a Rule 45 subpoena that seeks documents and electronically-stored information that identify each Defendant. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B). The information disclosed to Plaintiffs may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

In their motion Plaintiffs state that they "will ask the ISP to notify each of the Doe Defendants of the subpoena and provide them with an opportunity to object."[9] In accordance with Plaintiffs' representation, the court will provide each of the Doe Defendants an opportunity to object to the subpoena within fifteen days of notice. Finally, because this motion was brought *ex-parte* the court will also allow Off Campus ten days to object to the subpoena following service.

IT IS SO ORDERED.

DATED this 11th day of January, 2008.

_____
Brooke C. Wells
United States Magistrate Judge

---

[9] Pla.'s mtn. p. 2 fn.1